UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MICHAEL ROGERS,

              Plaintiff,

              -against-

POLICE OFFICER JAMAAL MILLER;
ANDREW HO; THE CITY OF NEW YORK,

              Defendant.
------------------------------------------------------------ X

**MEMORANDUM AND ORDER**

16 Civ. 3610 (AMD) (VMS)

**Scanlon, Vera M., United States Magistrate Judge:**

       Plaintiff filed this action against the Police Officer Jamaal Miller ("Officer Miller"), Police Office Andrew Ho ("Officer Ho"), and the City of New York (the "City"), asserting claims pursuant to 42 U.S.C. § 1983 and various state laws arising out of an incident that occurred on between August 2, 2013 and September 12, 2013. See Compl., ECF No. 1. Currently pending before this Court is Plaintiff's motion for leave to file an amended complaint. See Motion to Amend, ECF No. 31. Plaintiff seeks to add Police Office Michale Iovine as a defendant. See id. For the reasons discussed below, Plaintiff's motion is granted.

    I.    **FACTUAL BACKGROUND**

         a.   The Pending Complaint

       Appearing pro se, Plaintiff filed this action on July 1, 2016. See Compl., ECF No. 1. The following allegations are drawn from the Amended Complaint and are set forth solely for the purpose of this motion. On August 2, 2013, Officer Miller made "derogatory statements" and delivered "a tirade of obscenities" to Plaintiff when he encountered him on the street. Compl., ECF No. 1 ¶ 6. Plaintiff filed a civilian complaint with the Internal Affairs Bureau

("IAB"). Id. On August 5, 2013, Officer Miller and his "Partner" "stopped and frisked" Plaintiff "without provocation, expressing distaste with regards to the complaint" that Plaintiff had filed with IAB. Id. ¶ 7. Plaintiff complained to the sergeant on duty at the 79th Precinct. Id.

On August 16, 2013, Officer Miller and his "Partner" arrested Plaintiff at gunpoint and handcuffed his hands behind his back. Id. ¶ 8. Officer Miller then "paraded" Plaintiff up and down the block in front of passersby and local gang members while shouting that Plaintiff was "[d]rug dealing scum" and "a [d]rug dealing piece of expletive." Id. Plaintiff was taken to the 79th Precinct whereupon he was fingerprinted and strip searched. Id. ¶ 9. He was then transported to court and arraigned on an open container violation. Id.

On August 17, 2013, Plaintiff's open container violation was dismissed, and he was released from custody. Id. ¶ 10. Upon his arrival home, he was confronted by local gang members. Id. Plaintiff filed another civilian complaint with IAB. Id. ¶ 11.

On August 22, 2013, Plaintiff made a complaint to the Civilian Complaint Review Board ("CCRB"). ECF No. 38.

On August 25, 2013, Officer Miller and his "Partner" stopped and frisked Plaintiff, leveled obscenities at him, and expressed their displeasure in his filing another complaint with IAB. Compl. ¶ 12.

On September 12, 2013, after giving testimony to the CCRB, Plaintiff was robbed at gun point by the local gang members allegedly at the behest of Officer Miller. Id. ¶ 13.

The complaint asserts claims against Defendants for constitutional violations under Section 1983 and state law claims of deprivation of liberty, slander, defamation of character, intentional infliction of emotional distress, false arrest, false imprisonment, battery and malicious prosecution. Id. ¶ 14; Letter, ECF No. 22.

According to the CCRB report, Plaintiff's claims against Officer Miller for discourtesy and abuse of authority were substantiated. All of his other claims were unfounded or dismissed by the CCRB. ECF No. 38.

The caption of the original complaint named Defendants Jamaal Miller and Andrew Ho. It did not name any John Doe defendants. See generally id.

      b. Dismissal Of The Complaint Against Officer Ho

On August 16, 2016, the Honorable Ann M. Donnelly issued a Memorandum and Order dismissing the action against the New York Police Department ("NYPD") and the 79th Precinct ("Precinct") pursuant to 28 U.S.C. §§ 1951A(b) and 1915(e)(2)(B), and giving Plaintiff leave to amend the complaint to state with specificity his factual allegations against Officer Ho. See generally Memorandum & Order, ECF No. 6. In the event that Plaintiff did not amend the complaint in accordance with the Memorandum & Order, the complaint would be dismissed against Officer Ho for failure to state a claim pursuant to 28 U.S.C. §§ 1951A(b) and 1915(e)(2)(B). See Memorandum & Order, ECF No. 6 at 5. Contrary to Defendants' contention, see Defendants' Memorandum of Law in Opposition, ECF No. 32 at 2, the Memorandum & Order did not require that Plaintiff amend the complaint.[1] Defendants misrepresent that Judge Donnelly ordered Plaintiff to amend his complaint, Def. Memo. in. Opp. at 6. In fact, Judge Donnelly afforded Plaintiff an opportunity to amend his complaint but never ordered him to do so. See Memorandum & Order, ECF No. 6 at 5.

---

[1] As a result of Plaintiff's failure to amend the complaint and in accordance with the Memorandum & Order, Officer Andrew Ho is no longer a party to this action.

### c. Discovery And Plaintiff's Motion To Amend

An initial conference was held before this Court on May 25, 2017, during which Defendants were ordered to provide initial disclosures to Plaintiff by May 26, 2017. According to Plaintiff, it was from these initial disclosures that he first discovered that Officer Michael Iovine was the true identity of Officer Miller's "Partner." July 6, 2017 Telephone Conference Transcript ("July Tr."), ECF No. 30 5:11–6:8, 6:10-14. During a telephone conference on July 6, 2017, Plaintiff requested permission to substitute Officer Iovine for Officer Ho. See Minute Entry, ECF No. 24. This Court provided the parties with a briefing schedule for Plaintiff's motion to amend. See id. Plaintiff timely served his moving papers in accordance with this Court's briefing schedule. See Letter, ECF No. 25. As indicated above, Plaintiff seeks to add as a defendant Officer Michael Iovine. See Motion to Amend, ECF No. 31. According to Plaintiff, Officer Iovine was the "Partner" referenced in his original complaint, not Officer Ho. See id.

Plaintiff maintains that but for a mistaken identity caused by the City Defendant providing Plaintiff with incorrect information at the time of his arrest, Office Iovine would have been named in the original complaint as one of the two arresting officers. See id. ¶¶ 5-8. According to Plaintiff, the City Defendant intentionally provided him with the incorrect information in an effort to mislead and sabotage him. Id. ¶¶ 9-11. Plaintiff also asserts that he made factual allegations against Officer Iovine, whom he referred to as Officer Miller's "Partner" in the complaint, in paragraphs 6-8 of the complaint. Id. ¶¶ 1-2. Specifically, Plaintiff alleges that Officer Iovine made derogatory and defamatory statements to Plaintiff, id. ¶ 1, and unlawfully stopped and frisked him, id. ¶ 2.

Plaintiff contends Officer Iovine was on notice of the original complaint because Officer Iovine and Office Miller are both represented by Corporation Counsel. See Pl. Memo. of Law, ECF No. 31 ¶ 18.

Defendants oppose the motion to add Office Iovine on the grounds that the claims against him are time-barred and do not relate back, under both federal and New York law, to the filing of the original complaint. Def. Memo. in Opp., ECF. No 32 pp. 3-11.

## II. DISCUSSION

### a. Motion To Amend Standard

Rule 15(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi., 889 F.2d 1248, 1254 (2d Cir. 1989). Amendments are generally favored, as they tend "to facilitate a proper decision on the merits." Junior Gallery, Ltd. v. Neptune Orient Line, Ltd., No. 94 Civ. 4518, 1997 WL 26293, at *2 (S.D.N.Y. Jan.22, 1997) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). A pro se plaintiff in a civil rights action should generally be afforded the opportunity to amend his complaint. See Bradley v.

5

Coughlin, 671 F.2d 686, 690 (2d Cir. 1982). This is so even where the request is made after the court has entered judgment dismissing the complaint. Id.

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Id. at 182; Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993); Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 46 (2d Cir. 1983).

"The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial." Seemann v. Coastal Envtl. Grp., Inc., 219 F. Supp. 3d 362, 366 (E.D.N.Y. 2016) (citing Fariello v. Campbell, 860 F. Supp. 54, 70 (E.D.N.Y. 1994)). In making this determination, the court should not consider the merits of a claim or defense on a motion to amend unless the amendment is "clearly frivolous or legally insufficient on its face." Joinnides v. Floral Park-Bellerose Union Sch. Dist., No. 12 Civ. 5682 (JS) (AKT), 2015 WL 1476422, at *15 (E.D.N.Y. Mar. 31, 2015) (citing Lerman v. Chuckleberry Pub., Inc., 544 F. Supp. 966, 968 (S.D.N.Y. 1982), rev'd on other grounds sub. nom., 745 F.2d 123 (2d Cir.1984). "This liberal standard only requires that the movant provide 'colorable grounds' for the relief sought." Vetrano v. CBE Grp., Inc., No. 15 Civ. 3185 (JS) (AKT), 2016 WL 4083384, at *2 (E.D.N.Y. Aug. 1, 2016) (citing UMG Recordings, Inc. v. Lindor, No. 05 Civ. 1095, 2006 WL 3335048, at *2 (E.D.N.Y. Nov. 9, 2006); Alkhatib v. New York Motor Group, LLC, No. 13 Civ. 2337, 2015 WL 3507340, at *7 (E.D.N.Y. June 3, 2015) ("If the movant has at least colorable grounds for relief, justice . . . requires that the court grant leave to amend the complaint.")).

b. Statute Of Limitations

Under federal law, which governs the accrual of claims brought under § 1983, see, e.g., Morse v. University of Vermont, 973 F.2d 122, 125 (2d Cir. 1992), a claim generally accrues once the "'plaintiff knows or has reason to know of the injury which is the basis of his action.'" Singleton v. New York, 632 F.2d 185, 191 (2d Cir. 1980) (quoting Bireline v. Seagondollar, 567 F.2d 260, 263 (4th Cir. 1977). Here, as more than three years have elapsed between the incident in August 2013 and the filing of the motion to amend in July 2017, Plaintiff's claims are time-barred unless they relate back to the original filing or the statute of limitations was tolled. See Bezerra v. Cty. of Nassau, 846 F. Supp. 214, 218 (E.D.N.Y. 1994) ("The statute of limitations period applicable to § 1983 suits in New York is 3 years, and is borrowed from the general or residual state statute for personal injury actions, CPLR § 214(5).") (citing Owens v. Okure, 488 U.S. 235 (1989)). Thus, "if a complaint is amended . . . after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint." VKK Corp. v. Nat'l Football League, 244 F.3d 114, 128 (2d Cir. 2001).

c. Relation Back Doctrine

The relation back doctrine allows claims that are otherwise untimely to relate back to the claims in the original complaint. See Fed. R. Civ. P. 15(c); Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 35 (2d Cir. 1996). Under Rule 15(c)(1), a plaintiff may amend a complaint in a federal action after the expiration of the limitations period when:

> (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the

7

> action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Because the limitations period in this case derives from state law, Rule 15(c)(1)(A) directs the Court to consider both federal and state law and employ whichever affords a "more forgiving" principle of relation back. See, e.g., Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013); see also Fed. R. Civ .P. 15(c)(1) advisory committee's note to 1991 amendment ("[w]hatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim").

### i. Relation Back Doctrine Under Federal Law

As indicated above, Rule 15(c)(1)(C) provides the standards for the relation back doctrine under federal law. Pursuant to that rule, an amended complaint which adds a new party will be deemed to relate back to the date of the original pleading provided:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . (4) the second and third criteria are fulfilled within [90] days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

Hogan, 738 F.3d at 517 (quoting Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468-69 (2d Cir. 1995)). The parties do not dispute that the claims Plaintiff seeks to add against the proposed defendant arise out of the conduct alleged in the original complaint and that the original complaint was filed within the limitations period. Rather, Defendants maintain that Plaintiff cannot satisfy the second and third requirements set forth above. See Def. Memo. in Opp. at 5.

1. Notice Requirement

Rule 15 requires that the party to be added receive notice of the action within 90 days after the complaint is filed, the time period provided by Rule 4(m). See Fed. R. Civ. P. 15(c)(1)(C); Fed. R. Civ. P. 4(m); Krupski, 560 U.S. at 539 ("Relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or timeliness in seeking to amend the pleading."). The "linchpin" of relation back doctrine is notice within the limitations period, so that the later-named party will not be prejudiced in defending the case on the merits. See Velez v. Fogarty, No. 06 Civ. 13186 (LAK) (HBP), 2008 WL 5062601, at *5 (S.D.N.Y. Nov. 20, 2008) (quoting Schiavone v. Fortune, 477 U.S. 21, 31 (1986)).

As to the notice requirement, the Court may impute knowledge of a suit to a late-added defendant through his attorney. "In order to impute such notice to the new defendant through his attorney, however, the plaintiff must demonstrate that the attorney knew or should have known that the additional defendant would be added to the existing suit." Byrd v. Abate, 964 F. Supp. 140, 146-47 (S.D.N.Y. 1997) ("In Byrd's case, the allegations against the "John Doe" defendant in the first complaint informed Corporation Counsel that the officer on duty during the incident would be a defendant in the suit. . . . [The Officer's] identity was information uniquely accessible to Corporation Counsel. Whether or not counsel knew [the Officer's] name within the [90] days after the complaint was filed, counsel was aware that it would have to obtain that information."). "Under the constructive notice doctrine, the court can impute knowledge of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the officials originally sued, so long as there is some showing that the attorney[ ] knew that the additional defendant[] would be added to the existing suit." Berry v. Village of Millbrook, No.

09 Civ. 4234 (KMK), 2010 WL 3932289, at *5 n.6 (S.D.N.Y. Sept. 29, 2010) (internal citations & quotation marks omitted); see Baez v. Kahanowicz, 469 F. Supp. 2d 171, 177 (S.D.N.Y. 2007) ("[N]otice has been imputed to a new defendant when he shares an attorney with the named defendant, such as when both defendants are government officials represented by the same government attorney."). The constructive notice doctrine relies on "the theory that the newly added defendant is not prejudiced by the lack of notice if his attorney has already begun preparing a defense for the named defendant during the limitations period." Velez, 2008 WL 5062601, at *6.

In this case, the Corporation Counsel represents Defendants named in the original complaint, and his office will represent Officer Iovine if he is added as a Defendant.[2] Because of this anticipated joint representation, and because the original complaint clearly identified the reason why Officer Miller's "Partner" was named as a defendant, the Corporation Counsel knew or should have known that Officer Iovine, Officer Miller's partner during the incident, would later be named as a defendant. See Pape v. Board of Educ. of the Wappingers Central School Dist., No. 07 Civ. 8828 (KMK), 2009 WL 3151200, at *13 (S.D.N.Y. Sept. 29, 2009) ("The inquiry is not . . . whether defense counsel had actual knowledge but whether he 'knew or should have known' that the additional defendant[] would be added within the statute of limitations period.") (internal citations omitted); Feliciano v. Cnty. of Suffolk, No. 04 Civ. 5321 (JS) (AKT), 2013 WL 1310399, at *8 (E.D.N.Y. Mar. 28, 2013) ("'Constructive notice is derived from the presumed knowledge of the attorney who represents the original defendant(s) and who

---

[2] The Corporation Counsel, who leads the New York City Law Department, is considered one attorney, see Gordon v. City of New York, No. 14 Civ. 6115 (JPO), 2015 WL 3473500, at *2 (S.D.N.Y. June 2, 2015), although a different attorney in his office has filed a notice of appearance, see ECF No. 9.

would represent the prospective defendant(s) if leave to amend were granted.'") (quoting Smith v. Westchester Cnty. Dep't of Corr., No. 07 Civ. 1803 (SAS), 2012 WL 527222, at *4 (S.D.N.Y. Feb. 15, 2012)).

The Corporation Counsel claims that constructive notice is not applicable as they did not receive the complaint within the requisite § 1983 statute of limitations period. Def. Memo. in Opp. at 7. The original complaint was filed on July 1, 2016, and the Defendants were served on October 7, 2016, which was 98 days later, beyond the standard service period. As noted on the docket, the Clerk of Court sent a courtesy copy of the pleadings to Corporation Counsel on 8/17/16, see 8/17/16 Docket Entry, well within the 90-day period. Although the original complaint was served outside of the statute of limitations, it was timely filed and sent to Corporation Counsel within the period of 90-day period prescribed by Rule 4(m) as set forth in Rule 15. See 8/17/16 Docket Entry. Thus, Officer Iovine timely received notice of this action for the purposes of the relation-back doctrine under the constructive notice doctrine.

As enunciated in Krupski v. Costa Crociere S.p.A., the burden to show lack of notice falls on Defendants, not Plaintiff. 560 U.S. 538, 541 (2010). "Courts have found constructive notice in cases in which plaintiff did not know defendants' real names . . . This is particularly true where plaintiff is a prisoner and lacks resources to investigate." Bond v. Nolan, No. 89 Civ. 0357, 1994 WL 132139, at *3 (S.D.N.Y. Apr. 11, 1994) (internal citations omitted). Indeed, Corporation Counsel was made aware of the identities of the arresting officers, including Officer Miller's "Partner," after reviewing the memo books and the CCRB report. See Mabry v. N.Y.C. Dep't. of Corr., No. 05 Civ. 8133 (JSR) (JCF), 2008 WL 619003, at *5 (S.D.N.Y. March 7, 2008) (finding notice requirement satisfied where Corporation Counsel was aware of lawsuit and knew identities of individuals that plaintiff sought to join).

11

Moreover, Office Iovine knew or should have known that an action likely would be filed against him. Officer Iovine participated in the arrest decision in August 2013 and gave testimony about it at the CCRB hearing in March 2014. Officer Iovine's testimony discussed the incident that led to the August 2013 arrest and rebutted Plaintiff's allegations that he was verbally threatened; a gun was pointed at him; his girlfriend was improperly strip-searched; and her car was searched without a warrant. In light of these facts, and, in particular, the detailed testimony he gave at the CCRB interview, the Court finds that Officer Iovine could not have reasonably believed that his omission from the original complaint was anything other than a mistake, and both he and Corporation Counsel should have anticipated Officer Iovine's addition to the complaint by mention of Officer Miller's "Partner" in the complaint. See Abdell v. City of New York, 759 F. Supp. 2d 450, 459 (S.D.N.Y. 2010); Capitol Records, Inc. v. Naxos of Am., Inc., 262 F. Supp. 2d 204, 216 (S.D.N.Y. 2003) ("[T]he test is whether the facts alleged in the original complaint give sufficient notice of the conduct and transactions underlying the amendment to avoid unfair and prejudicial surprise to the defendant."). Thus, the Rule 15 notice requirement is satisfied.

2. Mistake

With respect to the third requirement under Rule 15, Defendants maintain that Plaintiff has not established that the failure to add the proposed defendant to the lawsuit within the statute of limitations was the result of a "mistake" within the meaning of Rule 15. Def. Memo. in Opp. at 5. They argue that Plaintiff's ignorance of the NYPD's technical definition of "Partner" is not a "mistake in identity" under Rule 15(c)(1)(C)(ii). Specifically, according to Defendants, asking for Officer Miller's partner's name at the time of his arrest would never have yielded Officer Iovine's name because Officer Ho was Officer Miller's partner. Id. at 6. Defendants also assert

that Plaintiff intentionally kept his allegations against "Officer Miller's partner" vague so that he would be able to amend the complaint when he learned the true identity of Officer Iovine (Defendants' logic is not clear to the Court as it would be expected that Plaintiff would amend his complaint after he received discovery as to the "Partner's name"). They further argue that filing his complaint with only seven weeks left in the statute of limitations period should be construed against Plaintiff.

Defendants do not assert that Plaintiff was provided any information as to the true identity of Officer Iovine before they served initial disclosures in June 2017. They also do not contest that Plaintiff was provided Officer Ho's, and not Officer Iovine's, name at the precinct upon his arrest in 2013. Although the Court has reviewed the CCRB report and Officer Iovine's and Officer Rodriguez's memo books, which both identify Officer Iovine as one of the officers on the scene at Plaintiff's arrest in 2013, there is no evidence or argument by Defendants that Plaintiff was in possession of these materials and/or the information contained therein before the initial disclosures in June 2017.[5] What is clear is that records of the NYPD itself (the memo books) show that Defendants Counsel were on notice of Officer Iovine's involvement as was he.

---

[5] Bove v. New York City, 213 F.3d 625 (2d Cir. 2000), which Defendants did not cite but has a similar set of facts, is distinguishable from this case. In Bove, the plaintiff named an "Officer Deutsh" in his complaint instead of "Officer Doscher," claiming that "Officer Deutsch is 'a fictitious name' for Officer Doscher." Id. In Bove, there was also a CCRB file that contained the names of the proper parties. The Court found that the "Officer Doscher's name was in a CCRB file related to the plaintiff's CCRB complaint, which was available to the plaintiff for the asking. Had the plaintiff done even minimal investigation, then, he would have discovered within the statute of limitations period that the person he sought to sue was Doscher." Id. In Bove, the Court reasoned that like in "Barrow[] the plaintiff was unsure of the identity and name of the defendant when he filed his complaint and now that he has secured the necessary information, after the limitations period has expired, he seeks to amend his complaint. The use of the name "Officer Deutsch" was not a "mistake" within the meaning of Rule 15(c)." Id. This is not the situation here. Unlike in Bove where the plaintiff was uncertain of the defendant's name, here Plaintiff relied on information provided by the NYPD as to the proper name, thus Plaintiff did a reasonable investigation. The Court believes it was reasonable for Plaintiff to rely on the

Plaintiff's mistake with regard to Officer Iovine was that he was not properly identified as the Partner by the City Defendant. Plaintiff was given Officer Ho's name, not Officer Iovine.

This is not the same as a plaintiff who does not name a certain defendant because he is unsure of his identity as in Barrow. Cf. Vital v. New York, 136 Fed. App'x. 393, 396 (2d Cir. 2005) ("'Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'") (quoting Barrow, 66 F.3d at 470). This case does not involve a plaintiff who sued a John Doe defendant because he did not know the identity of the proper defendant at the outset of the litigation. Cf. Krupski, 560 U.S. 538. Instead, Plaintiff seeks to amend his complaint "to correct a formal defect such as a misnomer or misidentification." Notes of the Advisory Committee on Rules, 1991 Amendment to Rule 15(c). "This commentary implies that the rule is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." Barrow, 66 F.3d at 469.

Where a plaintiff mislabels the proper defendant in a caption but includes allegations of misconduct, courts generally will grant leave to correct the mistake under Rule 15. See, e.g., Mosley, 209 F.R.D. at 52-53 (finding pro se plaintiff's failure to name individual defendants in caption could be characterized as mistake under Rule 15(c) where complaint set forth allegations of defendants' conduct); Sokolski v. Trans Union Corp., 178 F.R.D. 393, 399 (E.D.N.Y. 1998)

---

information provided to him at the Precinct when preparing his complaint, and there is no evidence that Plaintiff believed that he had sued the wrong defendant initially.

In addition, there is also a question of whether "Bove remains good law." Edwards v. City of New York, No. 14 Civ. 10058 (KBB), 2015 WL 5052637, at *7 (S.D.N.Y. Aug. 27, 2015) (discussing the Krupski decision).

("Where a plaintiff mislabels the proper defendant and/or incorrectly spells its name, courts generally grant the plaintiff leave to correct the mistake.") (citing Datskow v. Teledyne, Inc., 899 F.2d 1298, 1302 (2d Cir. 1990)). Indeed, a plaintiff's knowledge of the proper party's existence does not preclude making a mistake within the meaning of Rule 15(c); rather, the focus is on "whether the [party to be added] knew or should have known that, absent some mistake, the action would have been brought against him." Krupski, 560 U.S. at 538, 548, 552. "After Krupski, the focus of the Rule 15 inquiry is a potential defendant's reasonable beliefs regarding whether a plaintiff failed to name him because of a mistake." Berry, 2010 WL 3932289, at *5; see Krupski, 560 U.S. at 538 ("Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint."); Tolbert v. Koenigsmann, No. 913 Civ. 1577 (LEK) (DEP), 2016 WL 223713, at *3 (N.D.N.Y. Jan. 19, 2016) (where a plaintiff learned that the defendant was misidentified after the 4(m) period had run and was allowed to amend his complaint to include the correct defendant. "This is the type of mistake contemplated by Rule 15(c)(1)( C)."); see Smalls v. Fraser, No. 05 Civ. 6575 (WHP) (TH), 2006 WL 2336911, at *4 (S.D.N.Y. Aug. 11, 2006) (allowing amendment where the plaintiff did not fail to name a party but instead named the wrong party).

Accordingly, the Court finds that Plaintiff's failure to name Officer Iovine was due to the incorrect impression that Officer Ho was Officer Iovine's true identity was a mistake within the meaning of Rule 15(c). The Court further finds that this mistake was caused by the City Defendant at the time of Plaintiff's arrest and could not have been corrected until Plaintiff was served with Defendants' initial disclosures. This is so for the very reason Defendants argue there has been no mistake: because, according to Defendants, the word "Partner" is a term of art and

by asking for Officer Miller's partner, Plaintiff never would have learned Officer Iovine's name because Officer Iovine was not technically Officer Miller's "Partner." Plaintiff is not required to know the NYPD's employee nomenclature. When Plaintiff asked for Officer Miller's "Partner" at his arrest, he should have been given the names of all of the officers on the scene. Failure to do so was the City Defendant's mistake, not Plaintiff's. Defendants "should not gain the benefit of a statute of limitations defense if "[i]t was the defense, rather than the plaintiff, who failed to identify the individual defendant." Byrd, 964 F. Supp. at 146; Morales v. Cty. of Suffolk, 952 F. Supp. 2d 433, 438 (E.D.N.Y. 2013) ("Although the claims against [the Officer] would otherwise be time-barred by the applicable statutes of limitation," the Court grants the motion to amend based on the defendant's conduct.).

    d. Pro Se Amendments

Although Officer Ho has been dismissed from this action, see Memorandum & Order, ECF No. 6 at 5, the Court finds that Plaintiff has made sufficient allegations against Officer Iovine, who is referred to as Officer Miller's "Partner" throughout the complaint, and so the prior dismissal of Officer Ho from the complaint does not affect Plaintiff's ability to amend the complaint. "It has long been settled . . . that pro se pleadings are to be held 'to less stringent standards than formal pleadings drafted by lawyers.'" Bradley v. Coughlin, 671 F.2d 686, 689 (2d Cir. 1982) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). "A pro se plaintiff who brings a civil rights action should be "fairly freely" afforded an opportunity to amend his complaint . . . In essence, a pro se litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984). While "[a] district court has discretion to deny leave for good reason, including futility, bad faith,

undue delay, or undue prejudice to the opposing party," Plaintiff's request does not fall within any of these categories. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

Although Rule 10(a) of the Federal Rules of Civil Procedure requires that the caption of a pleading name all the parties to a lawsuit, "the caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim." E.E.O.C. v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Local 580, 139 F. Supp. 2d 512, 525 (S.D.N.Y. 2001) (internal quotations omitted). Rather, in deciding whether an entity has properly been made a party to a lawsuit, the court should consider "'[t]he caption, pleadings, service of process and other indications of the intent of the pleader.'" Id. (quoting Nationwide Mut. Ins. Co. v. Kaufman, 896 F. Supp. 104, 109 (E.D.N.Y. 1995)); see Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[T]he question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint. Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant."). Officer Ho's dismissal, therefore, is not dispositive as to the Plaintiff's ability to add or substitute in Officer Iovine, as Officer Iovine had actual and constructive notice of his potential to be named in the initial lawsuit.

Indeed, courts have found pro se complaints to sufficiently plead claims against defendants even when not named in the caption when there are adequate factual allegations to establish that the plaintiff intended them as defendants. See, e.g., Ocasio v. Riverbay Corp., No. 06 Civ. 6455 (PAC) (KNF), 2007 WL 1771770, at *7 (S.D.N.Y. June 19, 2007) (finding that text of complaint established individual as intended defendant despite lack of specificity in caption); Gibson v. Brown, No. 12 Civ. 622 (KAM) (RLM), 2012 WL 1744845, at *1 (E.D.N.Y. May 16, 2012) (deeming caption amended to include defendants listed in body of complaint but not

17

named in original caption); O'Neal v. County of Nassau, 992 F. Supp. 524, 531 (E.D.N.Y. 1997) (finding plaintiff sufficiently alleged personal involvement of certain individuals even though he failed to name them as party-defendants in the caption or body of the complaint); Trackwell v. United States Gov't., 472 F.3d 1242, 1243-44 (10th Cir. 2007) ( "[I]n a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are"); Bothwell v. Brennan, 2014 WL 953500, at *5 (N.D. Cal. Mar. 6, 2014) (finding defendant sufficiently identified in the body of the complaint and construing defendant as already named rather than dismissing with leave to amend).  For pro se plaintiffs, pleading standards and procedural missteps are not necessarily barriers to amendment. Vega v. Duffy, No. 14 Civ. 8104 (VSB), 2017 WL 4180020, at *5 (S.D.N.Y. Sept. 20, 2017) (allowing a pro se plaintiff to amend his § 1983 complaint after the deadline had passed to replace a Jane or John Doe with the appropriate named individual).  Thus, the Court construes Plaintiff's pro se pleadings to have asserted claims against the Officer Iovine as the "Partner," despite the failure to correctly name him in the caption.  See JCG v. Ercole, No. 11 Civ. 6844 (CM) (JLC), 2014 WL 1630815, at *16 (Apr. 24, 2014), R&R adopted, No. 11 Civ. 6844 (CM) (JLC), 2014 WL 2769120 (S.D.N.Y. June 18, 2014).

   e. Relation Back Doctrine Under State Law

  Although, as noted above, Rule 15(c)(1)(A) requires the Court to consider both federal and state law and employ whichever affords a "more forgiving" principle of relation back, Plaintiff's motion did not address New York's relation back law.  See generally Pl. Memo. of Law, ECF No. 31.  Because the Court has already found that the amended complaint relates back under federal law, it will not address whether it relates back under New York state law.

Accordingly, because Plaintiff's claims against Officer Iovine in the Amended Complaint relate back to the original pleading under federal, Plaintiff's motion to amend should be granted.

III. **CONCLUSION**

For the reasons discussed above, Plaintiff's motion to amend is granted. Plaintiff must file an amended complaint (with the corrected caption adding Officer Michael Iovine) within 30 days of this memorandum and order. The Clerk of Court is directed to amend the caption upon receipt of the amended complaint. The Court will mail a copy of this Memorandum and Order to Plaintiff.

Dated: Brooklyn, New York
December 21, 2017

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge