UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
MICHAEL ROGERS,                                              :
                                                             :
                          Plaintiff,                         :   **MEMORANDUM DECISION AND**
                                                             :   **ORDER**
            – against –                                      :
                                                             :   16 Civ. 3610 (AMD) (VMS)
                                                             :
POLICE OFFICERS JAMAAL MILLER;                               :
ANDREW HO; THE CITY OF NEW YORK,                             :
                                                             :
                          Defendants.                        :
------------------------------------------------------------ X

**ANN M. DONNELLY**, District Judge.

The *pro se* plaintiff, Michael Rogers, who currently is incarcerated at Downstate Correctional Facility, filed an action against Officer Jamaal Miller, Officer Andrew Ho, the New York Police Department ("NYPD"), the 79th Precinct, and the City of New York, alleging that the officers harassed, intimidated, and falsely arrested him, in violation of 42 U.S.C. § 1983, as well as various state laws. After the defendants served their initial disclosures on the plaintiff, which revealed that Officer Michael Iovine—not Officer Ho—was involved in the plaintiff's arrest, the plaintiff moved to amend his complaint and add Officer Iovine as a defendant. In a Report and Recommendation dated December 21, 2017, the Honorable Vera Scanlon granted the plaintiff's motion to amend the complaint. Before me is the defendants' objections to Judge Scanlon's recommendation. For the reasons that follow, I affirm Judge Scanlon's Report and Recommendation, and grant the plaintiff's motion to amend his complaint.

## BACKGROUND

### 1. Initial Complaint

The plaintiff filed his initial complaint on July 1, 2016. (ECF 1.) He brought causes of

1

action for false arrest, battery, defamation, slander, unlawful detention, false imprisonment, malicious prosecution, and emotion distress against Officer Miller, Officer Ho, the NYPD, the 79th Precinct, and the City of New York. (ECF Nos. 1, 22.) The plaintiff alleged that between August 2, 2013 and September 12, 2013, Officer Miller and "his partner" made "derogatory and defamatory statements" to the plaintiff and, because of their "personal vendetta" against the plaintiff, falsely arrested him.[1] (ECF No. 1 ¶¶ 1-2.)

According to the plaintiff, on August 2, 2013, Officer Miller approached the plaintiff and his girlfriend while they were kissing on the street and told the woman, "You can do better ma'am." (ECF No. 1 ¶ 6.) Officer Miller then aimed a spotlight at the plaintiff, and unleashed "a tirade of obscenities." (*Id.*) The plaintiff filed a complaint with the New York City Police Department's Internal Affairs Bureau ("IAB") against Officer Miller. (*Id.*)

Three days later, Officer Miller and "his partner" stopped the plaintiff again and frisked him. (ECF No. 1 ¶ 7.) Officer Miller expressed "distaste" for the plaintiff. (*Id.*) In response, the plaintiff went to the 79th Precinct and told the sergeant at the front desk that Officer Miller was harassing him. The plaintiff filed a second complaint against Officer Miller. (*Id.*)

On August 16, 2013, the plaintiff was in his girlfriend's car which was parked outside 349 Monroe Street in Brooklyn, New York. (ECF No. 1 ¶ 8.) According to the plaintiff, Officer Miller and "his partner," "without warrant, suspicion, or provocation," kicked the driver side door of the car, and arrested the plaintiff. (*Id.*) Officer Miller put the plaintiff in handcuffs, and paraded him around the neighborhood, yelling "obscenities" at him.[2] (*Id.*) While the allegations are somewhat unclear, the plaintiff claims that Officer Miller intentionally paraded him in front of gang members,

---

[1] The following allegations are taken from the plaintiff's complaint, and are set forth for the purposes of this motion only. (ECF No. 1.)
[2] The plaintiff alleges that Officer Miller called him a "drug dealing scum" and a "drug dealing piece of expletive." (ECF No. 1 ¶ 8.)

took him to the 79th Precinct, and charged him with having an open container, a violation. (*Id.*) The plaintiff was arraigned in Kings County Criminal Court. (ECF No. 1 ¶ 9.) The next day, the court dismissed the violation, and released the plaintiff. (ECF No. 1 ¶ 10.) When the plaintiff got home, gang members confronted him "regarding his drugs and territory." (*Id.*) The plaintiff contacted IAB and the Civilian Complaint Review Board ("CCRB"), and filed a third complaint against Officer Miller. (ECF No. 1 ¶ 11.)

On August 25, 2013, Officer Miller and "his partner" stopped and frisked the plaintiff again, and yelled obscenities at him. (ECF No. 1 ¶ 12.) According to the plaintiff, the officers were upset that the plaintiff filed additional complaints against them. (*Id.*)

On September 12, 2013, the plaintiff testified before the CCRB about the August 16th arrest. (ECF No. 1 ¶ 13.) According to the CCRB file,[3] Officer Miller, Officer Wanda Chalar, Sergeant David Leonardi, and other unnamed officers, were the "subjects" of the CCRB investigation. (ECF 38.) Officers Michael Iovine, Argelis Rodriquez, and Maurice Fyffe were "witnesses" to the incident. (*Id.*) After concluding its investigation, the CCRB substantiated the plaintiff's claims of "discourtesy" and "abuse of authority" against Officer Miller; the CCRB determined that the remaining claims against Sergeant Leonardi, Officer Chalar, and the unnamed officers were unfounded. (*Id.*)

The day after the plaintiff's CCRB testimony, gang members robbed the plaintiff at gunpoint in his home, allegedly at the behest of Officer Miller. (ECF No. 1 ¶ 13.)

Sometime later, the plaintiff claims that he called the 79th Precinct and asked for the name of Officer Miller's partner, intending to ascertain the name of the other officer involved in his

---

[3] The CCRB file was not produced to the plaintiff until October of 2017. (ECF 38.)

3

August 16th arrest.[4] An individual in the 79th Precinct told the plaintiff that Officer Ho was Officer Miller's partner. (ECF 31.) As a result, the plaintiff named Officer Miller and Officer Ho as defendants in this action.

### 2. *Sua Sponte* Motion to Dismiss

On August 16, 2016, I dismissed the claims against the NYPD and the 79th Precinct because both entities lack the capacity to be sued. (ECF 6.) I also dismissed the claims against Officer Ho because the plaintiff did not sufficiently allege Officer Ho's personal involvement in any of the incidents. However, because the pleading indicated that the plaintiff could state a valid claim against Officer Ho, I granted the plaintiff leave to file an amended complaint within 30 days of my order. The plaintiff did not file an amended complaint within the timeframe I set.

### 3. Discovery

Judge Scanlon held an initial conference on May 25, 2017, and ordered the defendants to provide initial disclosures to the plaintiff by May 26, 2017. (ECF 21.) The initial disclosures listed Officer Miller as the "officer who transported Plaintiff from scene of arrest to 79th Precinct," and Sergeant David Leonardi as the "supervisor who approved arrest and present at scene of arrest." (ECF 47 Ex A.) In addition, the initial disclosures listed Officer Iovine as the "arresting officer" and Officer Argelis Rodriguez as Officer Iovine's partner. (*Id.*) Officer Ho was not listed.

On July 10, 2017, following the discovery that Officer Iovine—not Officer Ho—was the arresting officer, the plaintiff moved to amend his complaint and add Officer Iovine as a defendant. (ECF 25.)

---

[4] The plaintiff also claims that he made "several" unsuccessful attempts to contact the CCRB to ascertain the name of Officer Miller's partner. (ECF 50.)

4

## DISCUSSION

### 1. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation to which a timely, specific objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); *Rodriguez v. Wells Fargo Bank*, No. 15-cv-7265, 2017 WL 1040401, at *1 (E.D.N.Y. Mar. 16, 2017). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. *See Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

On December 21, 2017, Judge Scanlon issued a thorough and well-reasoned decision, recommending that I grant the plaintiff's motion to amend his complaint to add Officer Iovine as a defendant. The defendants filed timely objections. Therefore, I review Judge Scanlon's decision *de novo*.

### 2. Motion to Amend Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has passed, amendments may be made only by leave of court. Fed. R. Civ. P. 15(a). This rule also allows for the addition of new plaintiffs. *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998); *Bernhard v. Cent. Parking Sys. of New York, Inc.*, 282 F.R.D. 284, 287 (E.D.N.Y. 2012) ("In deciding whether to permit the addition of defendants, courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15.")

Generally, amendments are favored because they "tend to facilitate a proper decision on

5

the merits." *Id.* Thus, courts should grant leave to amend freely given when justice so requires, "particularly in the case of a *pro se* civil rights plaintiff who has not yet had the benefit of discovery." *Respass v. New York City Police Dep't*, 852 F. Supp. 173, 176 (E.D.N.Y. 1994); *Foman v. Davis,* 371 U.S. 178, 182 (1962); *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.,* 22 F.3d 458, 462 (2d Cir. 1994).

A motion to amend a complaint only should be denied for good reasons, such as "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Feuer v. Cornerstone Hotels Corp.*, No. 14-cv-5388, 2017 WL 3841841, at *3 (E.D.N.Y. Aug. 4, 2017), *report and recommendation adopted*, No. 14-cv-5388, 2017 WL 3842350 (E.D.N.Y. Aug. 31, 2017). The party opposing an amendment has the burden of establishing that leave to amend would be prejudicial or futile. *Harrison v. NBD Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. Jan. 10, 1998). In making this determination, the court should not consider the merits of a claim or defense on a motion to amend unless the amendment is "clearly frivolous or legally insufficient on its face." *Sokolski*, 178 F.R.D. at 396.

### 3. Statute of Limitations

The defendants argue that the plaintiff's amended complaint is time barred. Section 1983 does not provide a specific statute of limitations. Instead, courts apply the statute of limitations for personal injury actions under state law. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). Thus, Section 1983 actions brought in federal district court in New York are subject to a three-year statute of limitations. *Jewell v. City of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). Because more than three years passed between the incidents giving rise to this action and the plaintiff's motion to amend the complaint, the amendment is time-barred unless it relates back to the original filing. Pursuant to Federal Rule of Civil Procedure 15(c)(1)(C), an amended complaint

which adds a new party will be deemed to relate back to the date of the original pleading provided:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and (4) the second and third criteria are fulfilled within [90] days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).

In her Report and Recommendation, Judge Scanlon found that the plaintiff met each element of the test, and that the amended complaint related back to the original filing date. The defendants take issue with the recommendation for two reasons. First, they argue that neither Officer Iovine, nor his lawyer—Corporation Counsel for the City of New York——had actual or constructive notice that he should have been named in the suit. Second, the defendants argue that the naming Officer Ho instead of Officer Iovine was not a mistake of identity under Rule 15(c)(1)(C). For the reasons explained below, I agree with Judge Scanlon's decision and adopt her report and recommendation in its entirety.

    a. <u>Notice</u>

In order to satisfy the second prong of the relation back test, a plaintiff must demonstrate that "within the period provided by Rule 4(m) for serving the summons and complaint (which is ordinarily [90] days from when the complaint is filed, *see* Rule 4(m)), the newly named defendant must have received such notice of the action that it will not be prejudiced in defending on the merits." *Feliciano v. City of Suffolk*, No. 04-cv-5321, 2013 WL 1310399, at *8 (E.D.N.Y. Mar. 28, 2013) (citing *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 538 (2010)). "While actual notice is preferable, constructive notice may suffice in some instances." *Curry v. Campbell*, No. 06-cv-2841, 2012 WL 1004894, at *3 (E.D.N.Y. Mar. 23, 2012).

"Constructive notice is derived from the presumed knowledge of the attorney who represents the original defendant(s) and who would represent the prospective defendant(s) if leave to amend were granted." *Smith v. Westchester County Dep't of Corr.,* No. 07–cv–1803, 2012 WL 527222, at *4 (S.D.N.Y. Feb. 15, 2012); *Baez v. Kahanowicz,* 469 F.Supp.2d 171, 177 (S.D.N.Y.2007) ("[N]otice has been imputed to a new defendant when he shares an attorney with the named defendant, such as when both defendants are government officials represented by the same government attorney."). Knowledge of the lawsuit will be imputed to the attorney who represents the original defendants so long as there is some showing that the attorney "knew or should have known that additional defendants would be added to the existing suit." *Byrd v. Abate,* 964 F.Supp. 140, 146-47 (S.D.N.Y.1997). "The key inquiry is whether the attorney had sufficient knowledge of the identity of the defendant to enable him or her to inform the prospective defendant of the lawsuit and take steps to begin preparing a defense." *Feliciano,* 2013 WL 1310399, at *8. The constructive notice doctrine relies on "the theory that the newly added defendant is not prejudiced by the lack of notice if his attorney has already begun preparing a defense for the named defendant during the limitations period." *Velez v. Fogarty,* No. 06-cv-13186, 2008 WL 5062601, at *6 (S.D.N.Y. Nov. 20, 2008).

The defendants dispute that Corporation Counsel had constructive notice that Officer Iovine would be named as a defendant in this action. According to the defendants, "the complaint merely alleges that on August 16, 2013, 'Police Officer Jamaal Miller and His Partner did falsely arrest the complainant in front of his residence . . . Police Officer Jamall Miller and His Partner kicked the driver side door of the [complainant's girlfriend's car], while pointing his service weapon directly at the complainant.'" The defendants argue that these allegations are not enough to put Corporation Counsel on notice because Officer Iovine was not Officer Miller's partner.

8

The defendants' focus on the word "partner" is, in my view, overly technical. While Officer Iovine may not have been Officer Miller's official partner, he was the "arresting officer" who worked with Officer Miller on the night of the plaintiff's arrest. The complaint specifically alleges that the plaintiff was "falsely arrested." Under these circumstances, Corporation Counsel was on notice that the arresting officer would later be named as a defendant. *See e.g., Vasquez v. Mill*, No. 03-cv-3905, 2006 WL 2789914, at *6 (S.D.N.Y. Sept. 25, 2006) ("Given the allegations in the Complaint and the Complaint's pro se nature, the U.S. Attorney's Office knew or should have known that Vasquez intended to name his arresting officers.").

The defendants also made a timeliness objection, and say that Corporation Counsel could not have been on constructive notice within the timeframe prescribed by Rule 4(m) because they did not receive the memobooks or CCRB report—both of which name Officer Iovine as the arresting officer—until September 15, 2016, more than 90 days after the complaint was filed. However, "[i]t is sufficient for the purpose of constructive notice that, as is the case here, the defendants' counsel knew or should have known that a particular category of defendants would be added to the action, without necessarily knowing the actual identity of each defendant to be added." *Samuels v. Dalsheim*, No. 81-cv-7050, 1995 WL 1081308, at *14 (S.D.N.Y. Aug. 22, 1995), *report and recommendation adopted,* No. 81 CIV. 7050, 1995 WL 555682 (S.D.N.Y. Sept. 19, 1995). Based on the allegations that Officer Miller's "partner" falsely arrested the plaintiff, the defendants should have known that officers involved in the plaintiff's arrest would be added to the action.[5] Moreover, the identities of the officers involved in the plaintiff's arrest were "uniquely accessible" to Corporation Counsel, "who could have (and should have) consulted

---

[5] The defendants also dispute Judge Scanlon's determination that Officer Iovine knew or should have known that an action likely would be filed against him because he arrested the plaintiff and testified about it at the CCRB hearing in March of 2014. I Because I find that the Corporation Counsel had constructive notice that officer Iovine would be added as a defendant, it is not necessary to resolve this issue.

police department records and interviewed officers and other police department employees." *Archibald v. City of Hartford*, 274 F.R.D. 371, 380 (D. Conn. 2011). "Whether or not counsel knew [Officer Iovine's] name[] within the [90] days after the complaint was filed, counsel was aware that it would have to obtain that information." *Id.* (citing *Byrd*, 964 F. Supp. at 147).

In addition, the defendants, who bear the burden of establishing prejudice, have not identified how adding Officer Iovine as a defendant is prejudicial. *Abdell v. City of New York*, 759 F. Supp. 2d 450, 454 (S.D.N.Y. 2010) ("The 'linchpin' of relation back doctrine is notice within the limitations period, so that the later-named party will not be prejudiced in defending the case on the merits.") The defendants were on notice of a lawsuit relating to the plaintiff's arrest within the statute of limitations period and had the ability to begin preparing their defense. Adding Officer Iovine does not alter their defense or affect their ability to defend the case on the merits. Accordingly, I agree with Judge Scanlon that the plaintiff satisfied the notice requirement of the relation back test.

b. Mistake

The defendants also argue that naming Officer Ho as a defendant instead of Officer Iovine was not a mistake within the meaning of Rule 15(c)(1)(C). I agree with Judge Scanlon's conclusion that it was such a mistake. "In substance, the [Second Circuit] has held that the term is to be interpreted to cover an error by the plaintiff in either identifying the wrong person as a defendant or misstating that person's name or not knowing that he must name an individual as a defendant in lieu of simply suing the government." *Sigmund v. Martinez*, No. 06-cv-1043, 2006 WL 2016263, at *4 (S.D.N.Y. July 13, 2006). "In contrast, if the plaintiff, when preparing his original complaint, recognizes that he does not know the identity of one of the permissible defendants, and he therefore either chooses not to name that potential defendant or refers to him

10

simply by a pseudonym such as John Doe, the requirement of a mistake will not be satisfied." *Id.* (citing *Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 469-70 (2d Cir.1996); *Tapia-Ortiz v. Doe,* 171 F.3d 150, 151-52 (2d Cir. 1999); *Soto v. Brooklyn Correctional Facility,* 80 F.3d 34, 35-36 (2d Cir. 1996).

In this case, the plaintiff assumed that the officer with Officer Miller was his partner, and asked an officer at the 79th Precinct for the name of Officer Miller's partner. That officer responded that the partner was Officer Ho. Again, operating under the theory that Officer Miller's partner must have been with him at the time of the various alleged incidents, the plaintiff named Officer Ho as a defendant. This is not a situation in which the plaintiff did not know the identity of a potential defendant. On the contrary, the plaintiff thought he was suing the correct person, but made a mistake in identity, which satisfies the 15(c)(1)(C) requirement. *See e.g. Vasquez,* 2006 WL 2789914, at *4 (finding the plaintiff made a mistake when he "did not fail to identify individual defendants; he named the wrong parties."); *Sigmund,* 2006 WL 2016263, at **3-4 (finding the plaintiffs made a mistake when they named an officer "who they had mistakenly believed was responsible for the arrest."); *Baez v. Kahanowicz,* 469 F. Supp. 2d 171, 177 (S.D.N.Y. 2007), *aff'd,* 278 F. App'x 27 (2d Cir. 2008) (allowing the plaintiff to amend the complaint where "the error was the result of a factual mistake as to the identity of the person plaintiff wished to sue within the meaning of Rule 15(c)(3)(B).")

The fact that Officer Ho was, in fact, Officer Miller's partner does not change this result. The plaintiff meant to name the officer who arrested him. While it may not be the defendants' fault that the plaintiff named the wrong officer, the plaintiff relied on information provided by a police officer. Once the defendants received the CCRB report in September of 2016, they should have known that Officer Ho was not involved in the plaintiff's arrest, and therefore, likely named

11

in error. *See DaCosta v. City of New York*, No. 15-cv-5174, 2017 WL 5176409, at *15 (E.D.N.Y. Nov. 8, 2017), *reconsideration denied sub nom. DaCosta v. Tranchina*, No. 15-cv-5174, 2018 WL 620477 (E.D.N.Y. Jan. 30, 2018) (allowing the plaintiff to amend the complaint "where the wrong police officer was named and the City should have known this and promptly informed Plaintiff's counsel of the correct defendant.").

I also reject the defendants' claim that the plaintiff was insufficiently diligent in ascertaining the identity of the arresting officer. I agree with Judge Scanlon that the plaintiff should not be charged with knowing the nuances of the NYPD's employee nomenclature, and that he was diligent in calling the precinct and asking for the name of Officer Miller's partner.

The plaintiff took steps to name the correct officer and relied on information provided by the defendants in naming Officer Ho. The defendants identify no prejudice in granting the amendment, nor do they argue that the plaintiff acted in bad faith or that amendment would be futile. Accordingly, the plaintiff satisfied the requirements of Rule 15(c)(1)(C), and his amended complaint relates back to the initial filing. The Second Circuit has advised that courts should "freely" grant motions to amend the complaint in *pro se* civil rights cases. For these reasons, the plaintiff's motion to amend is granted.

## CONCLUSION

For the reasons stated above, Judge Scanlon's report and recommendation is adopted in its entirety, and the plaintiff's motion to amend the complaint is granted.

SO ORDERED.

Dated: Brooklyn, New York
       March 2, 2018

                                            s/Ann M. Donnelly
                                            ANN M. DONNELLY
                                            United States District Judge